# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-330V

Filed: June 22, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| ERIC REYNOLDS, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioner, * | |
| * | Petitioner's Motion for Dismissal |
| v. * | Decision; Influenza ("Flu") Vaccine; |
| * | Guillain-Barré Syndrome ("GBS"). |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Neal Wilensky, Lansing, MI, for Petitioner.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On March 15, 2016, Eric Reynolds ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act"). Petitioner alleged that the administration of the Influenza ("Flu") vaccine, on October 22, 2013, caused him to develop Guillain-Barré Syndrome ("GBS"). Pet. at 1, ECF No. 1. After reviewing the record, the undersigned concludes that Petitioner is not entitled to an award under the Vaccine Act.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

On June 21, 2016, Petitioner filed a Motion for a Decision Dismissing her Petition.  *See generally* Mot. for Decision, ECF No. 15.  According to the motion, "[a]n investigation into the facts and science supporting his case has demonstrated to [P]etitioner that he will be unable to prove that he is entitled to compensation."  *Id.* at 1.  Petitioner confirms that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him," and thus "end all of his rights in the Vaccine Program."  *Id.*

To receive compensation under the Vaccine Act, Petitioner must prove either (1) that he suffered a "Table Injury," i.e., an injury falling within the Vaccine Injury Table, corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* 42 U.S.C. §§ 300aa-11(c)(1), 13(a)(1)(A).  The record neither reveals a "Table Injury" nor contains a medical expert's opinion or other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, Petitioner may not be awarded compensation based solely on his attestations alone; rather, the petition must be supported by either medical records or by the opinion of a competent physician.  *See* 42 U.S.C. § 300aa-13(a)(1).  Lacking both, the only alternative remains to DENY this petition.

**As a result, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.** [2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.  Vaccine Rule 11(a).