# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-330V
Filed: August 1, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| ERIC REYNOLDS, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested |
| SECRETARY OF HEALTH | * | to which Respondent Does Not |
| AND HUMAN SERVICES, | * | Object. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

Neal Wilensky, Lansing, MI, for Petitioner.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On March 15, 2016, Eric Reynolds ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act"). Petitioner alleged that the administration of the Influenza ("Flu") vaccine, on October 22, 2013, caused him to develop Guillain-Barré Syndrome ("GBS"). Pet. at 1, ECF No. 1. On June 22, 2016, the undersigned dismissed the petition for insufficient proof. Decision at 2, ECF No. 16.

On July 15, 2016, Petitioner moved for attorneys' fees and costs in the amount of $8,960.39. Mot. for Attorneys' Fees at 1, ECF No. 18. Petitioner's counsel represents that Petitioner has incurred no personal costs in pursuing the claim. Id.

Respondent notes that she "does not object to the overall amount sought," observing that "it is not an unreasonable amount to have been incurred for proceedings in this case to date."

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

Resp. to Mot. for Attorneys' Fees at 1, ECF No. 20.  At the same time, Respondent explains, her lack of objection to the fees sought "should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  *Id.*

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1).  Furthermore, the proposed amount seems reasonable and appropriate and Respondent has given no reason to suppose otherwise.

**Accordingly, the undersigned hereby awards the amount of $8,960.39, in the form a check made jointly payable to Petitioner and Petitioner's counsel, Neal Wilensky.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment may be expedited if each party files a notice renouncing the right to seek review.  Vaccine Rule 11(a).